IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Veronica Vereen, | C/A No. 0:14-921-TLW-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Veronica Vereen, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

    (1)    whether the claimant is engaged in substantial gainful activity;

    (2)    whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform her past relevant work; and

    (5)    whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



**ADMINISTRATIVE PROCEEDINGS**

In October 19, 2010, Vereen applied for DIB and SSI, alleging disability beginning July 1, 2009. Vereen's applications were denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on November 27, 2012, at which Vereen, who was represented by Paul C. Ballou, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on December 21, 2012 concluding that Vereen was not disabled. (Tr. 12-22.)

Vereen was born in 1967 and was forty-one years old at the time of her alleged disability onset date. (Tr. 134.) She has a high school education and has past relevant work experience as a machine operator, a cook, a housekeeper, a janitor, and a truck loader. (Tr. 167-68.) Vereen alleged disability due to problems with her right knee, back problems, and problems with her right shoulder. (Tr. 167.)

In applying the five-step sequential process, the ALJ found that Vereen had not engaged in substantial gainful activity since July 1, 2009—her alleged onset date. The ALJ also determined that Vereen's obesity, asthma, status-post knee laceration, degenerative disc changes, right shoulder impingement and partial supraspinatus tear, paranoid schizophrenia, anxiety, and depression were severe impairments. However, the ALJ found that Vereen did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Vereen retained the residual functional capacity to

> perform a reduced range of light work, with restrictions that require simple, routine tasks; a supervised environment; no required interaction with the public or team type interaction with co-workers; no lifting or carrying over 20 pounds occasionally, 10 pounds frequently, and no more than 5 pounds with the right upper extremity; no standing and/or walking over 4 hours in an 8-hour workday; no more than occasional



> stooping, twisting, crouching, kneeling, crawling, balancing or climbing of stairs or ramps; no climbing of ladders, ropes or scaffolds; no more than occasional pushing or pulling with the right upper extremity; no reaching overhead with the right upper extremity; no more than frequent gross manipulation with the right (dominant) hand; no operation of foot pedals or other controls with the right lower extremity; avoidance of unprotected heights, vibrations, and machinery with exposed, hazardous moving parts; and an environment reasonably free of dust, fumes, gases, odors, and extremes of temperature and humidity.

(Tr. 17.) The ALJ found that Vereen was unable to perform any past relevant work and that, considering Vereen's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Vereen could perform. Therefore, the ALJ found that Vereen was not disabled from July 1, 2009 through the date of his decision.

The Appeals Council denied Vereen's request for review on January 23, 2014, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence,

Page 4 of 14



make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Vereen raises the following issues for this judicial review:

I.  The issue of the Plaintiff's ability to do substantial work in significant numbers remains undetermined despite the testimony of the vocational expert[.]

II. The ALJ did not explain his findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

III. The ALJ failed to meet the Commissioner's burden at Step Five of the sequential evaluation process.

(Pl.'s Br., ECF No. 13.)

## DISCUSSION

**A.     Vocational Expert**

As indicated above, at Step Five of the sequential process, the Commissioner bears the burden of establishing that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy and this burden may be met by obtaining testimony from a vocational expert. The crux of this issue appears to be Vereen's assertion that there is a conflict between the testimony provided by the vocational expert and the occupational information in the Dictionary of Occupational Titles ("DOT") and Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO") and that the ALJ erred in failing to resolve this conflict as required by SSR 00-4p. Vereen argues that although the ALJ asked the vocational expert if there is "any conflict between the skill and exertional requirements of the individual jobs cited [and] those

Page 5 of 14



jobs as described in the DOT" and the vocational expert responded that there is not, a conflict in fact exists. Specifically, Vereen argues that the vocational expert's testimony conflicts with the information in the DOT based on her contention that the limitations proposed by the ALJ to the vocational expert are "well below any normal range of light work as it is generally performed, and is even below sedentary work in terms of general exertional requirements regarding lifting with the dominant extremity," and in response to the hypothetical question the vocational expert only identified light work jobs. Vereen argues that as the ALJ failed to obtain an explanation for this alleged conflict, the ALJ's opinion is unsupported or controlled by an error of law as the Commissioner has not met his burden to show that Vereen can perform other work. The Commissioner disputes the existence of any conflict.

>SSR 00-04p provides in pertinent part:
>
>Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00-4p. However, this Ruling "only requires an ALJ to address evident discrepancies between a vocational expert's testimony and the Dictionary of Occupational Titles, and specifically declines to place an obligation on ALJs to uncover such discrepancies." Justin v. Massanari, 20 F. App'x 158, 160 (4th Cir. 2001). Moreover, "[o]nce the ALJ fulfills [his] affirmative responsibility to inquire about possible conflicts and, if necessary, resolve reasonably explained conflicts, the ALJ may accept the VE's testimony in [his] consideration of whether there is substantial evidence of



disability." Acevedo ex rel. Acevedo v. Colvin, C/A No. 0:12-2137-TMC, 2014 WL 197738, at *4 (D.S.C. Jan. 16, 2014) (quoting Stuckey v. Colvin, No. 2:12cv386, 2013 WL 6185837, at *3 (E.D. Va. Nov. 25, 2013)); see also Fisher v. Barnhart, 181 F. App'x 359, 365-66 (4th Cir. 2006) (stating that pursuant to SSR 00-4p, an ALJ must elicit a reasonable explanation for any apparent unresolved conflict between the vocational expert's evidence and the DOT before relying on the vocational expert's testimony).

    Importantly, in this case, the ALJ specifically asked the vocational expert whether a conflict existed and the vocational expert responded that it did not, thus undermining Vereen's argument that any apparent or evident conflict existed. See Pearson v. Colvin, C/A No. 2:14cv88, 2014 WL 5780946, at *4 (E.D. Va. Nov. 5, 2014) ("[A]lthough the ALJ does have an affirmative duty to elicit a reasonable explanation for any 'apparent unresolved conflict,' such a conflict cannot be 'apparent' if the ALJ specifically asks the VE if it exists, and the VE testifies that it does not."); Michel v. Comm'r, Soc. Sec. Admin., Civil No. SAG-13-2311, 2014 WL 2565900, at *5 (D. Md. June 5, 2014) (holding that "the ALJ's inquiry into whether a conflict existed fulfilled his obligation pursuant to SSR 00-04p, and the ALJ was not required to further investigate whether any conflicts existed"). Further, Vereen's counsel did not bring any issues relating to the vocational expert's testimony to the ALJ's attention during the hearing. See Boggs v. Astrue, C/A No. 2:12-cv-25, 2012 WL 5494566, at *7 (N.D.W. Va. Nov. 13, 2012) ("There is no affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses and because the plaintiff did not bring the vocational expert's mistake to the ALJ's attention, the ALJ did not need to explain how the conflict was resolved.").

    Furthermore, Vereen relies on the definition of a *full* range of light work in support of her position that the ALJ limited her to less than sedentary work. As pointed out by the Commissioner,

the ALJ did not find that Vereen could perform a full range of light work. The court observes that "light work" is defined as

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b), 416.967(b). As stated above, the ALJ limited Vereen to

> perform a reduced range of light work, with restrictions that require simple, routine tasks; a supervised environment; no required interaction with the public or team type interaction with co-workers; no lifting or carrying over 20 pounds occasionally, 10 pounds frequently, and no more than 5 pounds with the right upper extremity; no standing and/or walking over 4 hours in an 8-hour workday; no more than occasional stooping, twisting, crouching, kneeling, crawling, balancing or climbing of stairs or ramps; no climbing of ladders, ropes or scaffolds; no more than occasional pushing or pulling with the right upper extremity; no reaching overhead with the right upper extremity; no more than frequent gross manipulation with the right (dominant) hand; no operation of foot pedals or other controls with the right lower extremity; avoidance of unprotected heights, vibrations, and machinery with exposed, hazardous moving parts; and an environment reasonably free of dust, fumes, gases, odors, and extremes of temperature and humidity.

(Tr. 17.) Additionally, the hypothetical question the ALJ posed to the vocational expert did not state that he was limiting the hypothetical individual to a reduced range of light work; rather, the ALJ simply indicated each of the above limitations, which included the limitations on lifting, carrying, pushing, pulling, standing, and walking abilities. (Tr. 72-73.) In response, the vocational expert identified the three light work jobs at issue. (Tr. 72-74.)

Therefore, the court finds that Vereen has failed to identify a conflict between the vocational expert's testimony and the DOT or SCO or, even if a conflict existed, that it was an "apparent unresolved conflict" or an evident discrepancy such that the ALJ was required to elicit further explanation. See Fisher, 181 F. App'x at 365-66; Justin, 20 F. App'x at 160; Acevedo, 2014 WL



197738, at *4. Accordingly, Vereen has failed to demonstrate that the ALJ erred in relying on the vocational expert's testimony in finding that she was not disabled at Step Five or that the ALJ's finding at this step was otherwise unsupported by substantial evidence.

**B.      Residual Functional Capacity**

A claimant's residual functional capacity is "the most [a claimant] can still do despite [her] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's residual functional capacity.

Vereen generally argues that the ALJ failed to meet the requirements of SSR 96-8p because he failed to explain how the medical evidence supported his residual functional capacity findings. Upon review of the ALJ's decision and the record in this matter, the court disagrees. As an initial matter, an ALJ is not required to specifically cite or discuss every piece of evidence in his decision to satisfy the requirements of SSR 96-8p. See, e.g., Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (stating that the ALJ need not specifically refer to every piece of evidence in his decision, so long as the ALJ's decision is not a broad rejection rendering the court unable to conclude that the ALJ considered the claimant's medical condition as a whole); Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered."). Moreover, Vereen fails to provide any specific support for this argument and the court finds that Vereen has not demonstrated that the ALJ's residual functional capacity analysis is unsupported by substantial evidence or controlled by an error of law. In compliance with SSR 96-8p and as detailed in the defendant's brief,



the ALJ discussed the medical and nonmedical evidence as well as the opinion evidence. (See Def.'s Br. at 19-20, ECF No. 15 at 19-20.) The court finds that the ALJ's discussion sufficiently demonstrates that he resolved the inconsistencies and ambiguities in the evidence. Accordingly, Vereen has failed to demonstrate that the ALJ failed to comply with the requirements of SSR 96-8p.

**C.     Assessment of Vereen's Mental Impairments**

Finally, Vereen argues that the ALJ erred in failing to follow properly the procedure for evaluating mental impairments required by 20 C.F.R. § 404.1520a and § 416.920a and that the evidence supports greater mental restrictions in the residual functional capacity assessment. As an initial matter, the regulations cited essentially set forth a "special technique" for evaluating mental impairments, which applies at Steps Two and Three of the sequential evaluation process to determine whether a claimant has a severe mental impairment and whether a claimant meets a Listing. See 20 C.F.R. §§ 404.1520a, 416.920a (providing that in determining the nature and extent of functional limitations allegedly arising out of mental impairments, the Commissioner rates the severity of the condition on the following areas of adaptive functioning:  activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation). However, the limitations identified in this technique are not equivalent to an RFC assessment because an RFC assessment requires a more detailed assessment of the various functions. SSR 96-8p. In this case, the ALJ found that Vereen's mental impairments resulted in mild restrictions in activities of daily living, moderate difficulties in social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation of extended duration. (Tr. 16.) In the residual functional capacity assessment, the ALJ found non-exertional limitations including restricting Vereen to simple, routine tasks, a supervised environment, and no interaction with the public or team-type interaction with co-workers. (Tr. 17.)



Vereen's arguments seem to focus on the sufficiency of the evidence cited by the ALJ in reaching these findings by pointing to other selective evidence that may support additional restrictions or limitations.  For example, Vereen argues that the ALJ relied heavily on a consultative examination for his findings by stating that the examiner (1) indicated that Vereen "is able to drive, do household chores, prepare meals, go shopping, manage her finances and manage her personal care"; (2) stated that she has some friends; and (3) found that she had fairly good short-term memory and a generally good ability to concentrate during her interview.  However, Vereen contends that the ALJ failed to acknowledge that the examiner also noted that Vereen complained of anxiety with episodes of difficulty breathing and reported suicidal ideation, and that the examiner found that she did not appear to be malingering or embellishing her symptoms.  (See Tr. 488-90.)  Vereen also challenges the ALJ's comment that her diagnosis of paranoid schizophrenia was a "bit suspect" because it was "based solely on her self- reported claims of hearing voices" and that there was a conflict in Vereen's testimony regarding her hallucinations and the frequency indicated in the records.  (Tr. 19.)

In response, the Commissioner argues that the ALJ's findings are sufficiently supported.  The ALJ noted that Vereen "has in the past feigned mental health issues in order to get what she wants," citing to evidence that Vereen admitted that she voiced thoughts about self-harm to expedite her care. (Tr. 19) (citing Tr. 471).  The ALJ also observed that "[t]he record does not demonstrate that the claimant has a history of hospitalization or even much treatment for her mental impairments – the first treatment coming after she filed for disability benefits."  (Tr. 19.)  With regard to the consultative examination, the ALJ also stated that the examiner "found the claimant's appearance was clean and casual, well-oriented, showed no unusual psychomotor activity, had good communication skills, her thought processes were normal, her memory was good, her ability to

Page 11 of 14



concentrate was good, and although she was slightly tense and had some suicidal thoughts, she had no suicidal plans at the time." (Id.)  The ALJ observed that no medical provider has issued an opinion that Vereen is unable to work or is severely limited in her ability to work.  Further, a state agency reviewer opined that Vereen had no more than moderate restrictions in mental functioning and Vereen's provider at the Free Clinic opined that Vereen had no mental work-related limitations. (Id.) (citing Tr. 491-509 & 378).

      Therefore, upon review of the ALJ's decision, the parties' arguments, and the record, the court finds that while Vereen may be able to point to selective evidence from which a different factfinder might find more restrictions, the court concludes that the ALJ's findings in this regard are sufficiently supported.  See Craig, 76 F.3d at 589 (defining "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance" and stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Blalock, 483 F.2d at 775 (indicating that regardless of whether the court agrees or disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence).

## RECOMMENDATION

For the foregoing reasons, the court finds that Vereen has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____

March 10, 2015  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).